UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HEATHER KILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16 CV 240 |
| ) | |
| COMMUNITY HEALTHNET, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### OPINION and ORDER

This matter is before the court on defendants' motion to dismiss (DE # 21) count IV of plaintiff's amended complaint (DE # 19) pursuant to Federal Rule of Civil Procedure 12(b)(6). The well-known legal standard applicable is that, with the complaint's factual allegations accepted as true, dismissal for failure to state a claim pursuant to Rule 12(b)(6) is appropriate when those facts are not enough to make a right to relief plausible, meaning more than speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Vinson v. Vermilion Cty., Illinois*, 776 F.3d 924, 928 (7th Cir. 2015). To avoid dismissal, the well-pleaded factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

In count IV of her amended complaint plaintiff Heather Kill ("Kill") pleads termination of her employment services contract with defendant Community HealthNet, Inc. ("CHNI") on the basis of her race, and retaliation, in violation of 42 U.S.C. § 1981. Specifically, Kill's allegations include the following pertinent paragraphs, numbered as in her complaint:

> 4. . . . Defendant, Dr. Janet Seabrook . . . owns and/or operates CHNI, [and] was a primary decision-maker concerning Kill . . ..
>
> . . . .
>
> 7. Kill is a White/Caucasian female.
>
> 8. CHNI's Chief Executive Officer/Director Dr. Janet Seabrook is a black/African-American female.
>
> . . . .
>
> 74. Upon information and belief, at times relevant to Plaintiff's Amended Complaint, around seventy-five percent (75%) of the providers (mid-level and physician-level) employed at CHNI, including Dr. Seabrook, are not White/Caucasian.
>
> 75. Around April 30, 2015, Kill complained to CHNI about less favorable treatment, harassment and hostile work environment that Kill suffered at CHNI.
>
> . . . .
>
> 79. Defendants retaliated against Kill by terminating Kill's employment [contract].
>
> . . . .
>
> 83. Defendants purposely interfered with performance of Kill's employment contract and terminated Kill's contract thereby denying Kill the benefits, privileges, terms, and conditions of her Provider Employment Agreement, all of which was racially motivated in violation of Section 1981.

(DE # 19.)

Defendants' argument that those allegations do not state a claim for racial discrimination are best summarized by liberally quoting their reply brief:

> Plaintiff argues that she has pleaded a cause of action for racial discrimination under §1981 simply by alleging that she is white, Dr.

> Seabrook is black, she had a contract, she was terminated, and her termination was racially motivated. (DOC 24, p. 7). These allegations are not enough. The Seventh Circuit has warned that a plaintiff has to do more than parrot the elements of a statute. A plaintiff has to provide specific facts to show how the elements are met. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).
>
> To the extent Plaintiff has alleged facts, they fail to show that the actions of Defendants were "purposefully discriminatory with respect to her right to make and enforce contracts and that the discrimination was racially motivated." *Stahly v. Amalgamated Transit Union*, 2012 WL 266975, *5 (S.D. Ind. 2012).

(DE # 26 at 2.) As to the assertion in the first paragraph, two years after *Brooks* the Seventh Circuit observed that courts were still "struggling" with the issue of how many facts must be pleaded, disavowing the notion that facts matching every element must be pleaded: "As we understand it, the Court is saying instead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In *Swanson* the court found plaintiff's complaint sufficient because it:

> identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint.

*Id.* at 405. As in *Swanson*, Kill's complaint pleads the same who, what type, and when, so she has pleaded enough.

Making this absolutely clear is the case cited in the second paragraph above from defendants' reply brief, *Stahly v. Amalgamated Transit Union*, which defendants quote to assert that Kill's complaint must be dismissed because the facts she has alleged don't show that their actions were "purposefully discriminatory with respect to her right to

3

make and enforce contracts and that the discrimination was racially motivated." The court found that plaintiff Stahly's pleading was enough to withstand a motion to dismiss, however, because:

> [A]ll that Stahly is required to plead at this point is that the defendant was purposefully discriminatory with respect to her right to make and enforce contracts, and that the discrimination was racially motivated. [Citation omitted.]
>
> Stahly has done so here. She has properly alleged that Local Union 996 engaged in racial discrimination that interfered with her right to enforce the CBA by refusing to assist her with her grievances against her employer, both before and after her termination in August 2009; favoring African Americans over her in connection with her discrimination claims against TRANSPO; creating a racially hostile work environment through the actions of union representatives; retaliating against her for her complaints of discrimination; acquiescing in and facilitating TRANSPO's racial discrimination; and causing TRANSPO's racial discrimination against her. [Citation omitted.] She has alleged that these actions were intentional. [Citation omitted.] Stahly need not lay out a comprehensive overview of detailed facts as to how the Local discriminated against her, [citations omitted], and at this stage of litigation, Stahly has properly notified the Local as to the basis of her claim against them. Stahly has properly articulated a claim under Section 1981 . . ..

*Stahly*, 2012 WL 266975, at *6–7. (N.D. Ind. Jan. 27, 2012). Kill has pleaded just as much. In the paragraphs of her complaint quoted above, she alleges that she complained to the defendants that she was subject to less favorable treatment, harassment and a hostile work environment, that defendants terminated her employment in retaliation, and that their actions "purposely interfered with performance of Kill's employment contract and terminated Kill's contract . . . all of which was racially motivated." (DE # 19 at ¶¶ 75, 79, 83.) There is no requirement that plaintiff include as a "magic phrase" that defendants "purposefully discriminated," here Kill alleges that defendants' interference was purposeful and racially motivated, which amounts to the same thing. Just as in *Stahly*,

4

this is enough for Kill to give defendants notice of the basis of her claim and to articulate a claim under Section 1981. Defendants' motion to dismiss her racial discrimination claim under § 1981 will be denied.

As to whether Kill has successfully pleaded a retaliation claim under § 1981, she essentially argues in her response to defendants' motion that they failed to address this claim in their opening brief by using the terms discrimination and retaliation "interchangeably," (DE # 24 at 6), conflating the issue. While it is true that arguments omitted from an opening brief are typically viewed as waived or forfeited, *see Finnegan v. Myers*, No. 3:08-CV-503, 2013 WL 359696, at *7 (N.D. Ind. Jan. 30, 2013), the court thinks that defendants' opening brief, fairly read, does address the claim, by stating: "An employer cannot be motivated to retaliate on the basis of protected activity if the employer does not know of the protected activity." (DE # 22 at 4.) Defendants argue that Kill has "has pleaded herself out of court" because:

> by her own allegations, it is clear that her complaints were about general workplace issues. Nowhere in Count IV does Plaintiff allege that she ever complained of *any* racially discriminatory actions on the part of CHNI, whether directed at her or others. In fact, her lengthy email from May 1, 2015, to Dr. Seabrook, attached to her First Amended Complaint as Exhibit E, contains no reference to any acts that are based upon her race or the race of any other employee.

(*Id.*) In their reply brief defendants reiterate that Kill "has simply failed to allege anything that would allow this court to infer that her termination was in retaliation for expression or conduct that was based in any way on race." (DE # 26 at 4.)

Yet in paragraph 74 of her amended complaint, Kill pleads that about 75% of the providers employed at defendant Healthnet are not "White/Caucasian," and then

5

immediately after in paragraph 75, she pleads that she complained about less favorable treatment, harassment and a hostile work environment. The implication in the second paragraph following from the first is that the less favorable treatment, harassment and hostile environment she complained of had something to do with her race. Then, in paragraph 79, Kill pleads that defendants retaliated by terminating her contract. While this is not a model for pleading a retaliation claim—it would have been better for paragraph 75 to explicitly state that Kill complained of harassment and less favorable treatment that was racially-motivated—it is sufficient to give defendants notice of the basis of the claim and is enough to survive dismissal.*

For the foregoing reasons, defendants' motion to dismiss Count IV of plaintiff's amended complaint (DE # 21) is **DENIED**.

                                          **SO ORDERED.**

Date: October 26, 2016

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT

---

* It is true that the "lengthy email" defendants refer to (Exhibit E to Kill's amended complaint) focuses almost exclusively on non-race-related problems at work, but in it Kill also states that there are "other concerning practices that I would label as creating a hostile workplace (DE # 19-5 at 3). Kill is not an attorney nor is there any indication that she wrote the email as a preface to bringing suit, and the court does not believe that by attaching the email to her complaint Kill has thereby limited her claim and "pleaded herself out of court" as defendants argue.